**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **OLD NATIONAL BANK,** | |
| **Plaintiff,** | |
| **vs.** | **Case No.**　1:25-cv-03408 |
| **OUT OF OCCLUSION, her engines, tackle, apparel, appurtenances, etc., having Official No. 106215 and Hull ID No. SERP3225C696, in rem; BELIEVE TOURS, INC., <u>in personam</u>; PIER 11 MARINA MANAGEMENT, LTD D/B/A PIER 11 MARINA; ILLINOIS DEPARTMENT OF NATURAL RESOURCES;** | |
| **Defendants.** | |

<u>**COMPLAINT TO FORECLOSE PREFERRED SHIP MORTGAGE**</u>
<u>**AND FOR OTHER RELIEF**</u>

Plaintiff, **OLD NATIONAL BANK**, by and through its attorneys, GROGAN HESSE and UDITSKY, P.C., for its Complaint to Foreclose Preferred Ship Mortgage and for Other Relief ("Complaint") against Defendants, **OUT OF OCCLUSION, her engines, tackle, apparel, appurtenances, etc., having Official No. 106215 and Hull ID No. SERP3225C696 <u>in rem</u>; BELIEVE TOURS, INC., <u>in personam</u>; PIER 11 MARINA MANAGEMENT, LTD D/B/A PIER 11 MARINA; ILLINOIS DEPARTMENT OF NATURAL RESOURCES,** states as follows:

<u>**INTRODUCTION**</u>

1.　　This action arises as a result of a loan given by Old National Bank ("ONB") to Believe Tours, Inc., as approved by the US Small Business Administration under Section 7(a) of the Small Business Act.

1

2.      Accordingly, ONB extended a loan in the amount of $228,000.00 to Believe Tours, Inc. for the purchase of OUT OF OCCLUSION, further identified as a 1996 Sea Ray Sundancer; Official Number 1062126, Hull ID No. SERP3225C696 (hereinafter the "Vessel"). A true and correct copy of the Promissory Note is attached hereto as ***Exhibit "A."***

3.      In order to secure the indebtedness and perfection of the security interest in and to the Vessel, Carlos Gonzalez, President of Believe Tours, Inc. executed a Preferred Ship Mortgage ("Mortgage") in favor of ONB, which was documented with the Secretary pursuant to 46 U.S.C.A. §31321.  A true and correct copy of the Mortgage is attached hereto as ***Exhibit "B."***

4.      At all times relevant hereto, the Defendant, OUT OF OCCLUSION, is and was a vessel documented under the laws of the United States in the name of Believe Tours, Inc.  A true and correct copy of the Certificate of Documentation (along with an Abstract of Title) is attached hereto as ***Exhibit "C."***

5.      The Abstract of Title received from the Department of Homeland Security, U.S. Coast Guard, details the mortgage lien of Old National Bank upon the Vessel.

6.      On or about July 18, 2024, the Circuit Court of Cook County entered an Order for Replevin for the Vessel, then thought to be docked at the Sunset Bay Marina in Chicago, Illinois.

7.      After significant due diligence, it was discovered the Vessel was being stored at Pier 11 Marina.

8.      On or about November 19, 2024, an officer of ONB spoke with a representative of Pier 11 Marina (whom identified himself as an owner).  ONB requested an invoice for any storage fees and advised they would be seeking to have their surveyor inspect the Vessel per guidelines from the Small Business Administration.

9.     ONB advised Pier 11 Marina of the Order for Replevin and their interest in the Vessel pursuant to the Preferred Ship Mortgage.

10.     ONB's surveyor contacted Pier 11 on several occasions, without response, until January 8, 2025 when Pier 11 Marina denied having ever had a conversation with the ONB officer and denied any knowledge of the Vessel sought to be appraised.

11.     Additionally, the representative of Pier 11 Marina advised the ONB officer that he might have someone interested in purchasing the Vessel, and he advised he would speak with him and get back to the ONB officer.

12.     Throughout November and December, 2024, the ONB officer had several conversations with the representative from Pier 11 Marina to discuss the inspection and sale of the boat, as well as the bank's agreement to pay any storage fees upon receipt of invoice.

13.     On or about December 18, 2024, Pier 11 Marina submitted an Application for registration and title with IDNR based upon a Mechanics Lien.  True and correct copies of the Application and Mechanic's Lien Affirmation are attached hereto as ***Exhibit "D."***

14.     Pier 11 Marina submitted the Application and Affirmation with actual knowledge of ONB's interest in the Vessel.

15.     On or about December, 2024, in contravention of §12106 of Title 46, the Illinois Department of Natural Resources issued a Watercraft Certificate of Title to PIER 11 MARINA, pursuant to a Mechanic's Lien/Application for Title.

16.     Old National Bank did not receive any notice prior to issuance of the Certificate of Title, despite the fact its Mortgage was documented under the laws of the United States.

17.     This action is brought by ONB pursuant to 46 U.S.C.A. §31301, *et seq.* to foreclose the Preferred Ship Mortgage, and for Judicial Review against the Illinois Department of Natural Resources.

18.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1333 and 46 U.S.C. §31325.

19.     This is an Admiralty and Maritime claim within the meaning of Fed. R. Civ. P. 9(h).

## PARTIES AND VENUE

20.      Plaintiff, **OLD NATIONAL BANK ("ONB")** is an Indiana banking corporation, chartered under the laws of the United States of America, in good standing and doing business in Cook County, Illinois.

21.     Defendant, **BELIEVE TOURS, INC.**, ("BELIEVE") is an Illinois corporation, formed under the laws of the State of Illinois, and at all relevant times, its principal place of business was in Justice, Illinois, County of Cook.

22.     Defendant, **PIER 11 MARINA MANAGEMENT, LTD. d/b/a PIER 11 MARINA,** is a corporation firmed under the laws of the State of Illinois and at all relevant times its principal place of business was in Chicago, Illinois.

23.     Defendant, **ILLINOIS DEPARTMENT OF NATURAL RESOURCES,** at all relevant times was an agency of the State of Illinois.

## COUNT I
### Foreclosure of Preferred Ship Mortgage

24.     Plaintiff re-alleges, re-incorporates, and re-affirms paragraphs 1-19 as though fully set forth as paragraph 24 in this Count I.

25. On or about May 25, 2022, for good and valuable consideration, the Defendant, BELIEVE, executed a Promissory Note (the "Note") evidencing its indebtedness to ONB in the total principal amount of Two Hundred Twenty-Eight Thousand Dollars and no/100 ($228,000.00).

26. The Promissory Note required BELIEVE to repay the loan in consecutive monthly payments to ONB in the amount of $2,941.24 commencing on July 1, 2022 and continuing on the first calendar day of each month thereafter until maturity.

27. Despite BELIEVE's obligation to pay the Note pursuant to its terms, BELIEVE has failed to make payment to ONB as required by the terms of the Note.

28. Specifically, AIC has failed to make full payment since July 2023.

29. At all relevant times, ONB fully complied with the terms and conditions of the Note, and has fully performed all obligations existing thereunder.

30. ONB has made due demand of all sums due and owing but BELIEVE has failed and/or refused to tender payment.

31. As of March 20, 2025, there remained due and owing to ONB under the Note, an amount in excess of Two Hundred Twenty-Eight Thousand Seventy-Seven Dollars and 51/100 ($228,077.51), plus interest at the default rate as defined in the Note, including the unpaid principal balance of the Note, accrued interest, late charges and other advancements made pursuant to the Note.

32. Interest and other charges continue to accrue pursuant to the Note.

33. In addition, pursuant to the terms of the Note and Mortgage, ONB is also entitled to the recovery of all attorneys' fees and costs of these proceedings.

34. Plaintiff presently holds the Note and Mortgage, and BELIEVE TOURS is in default under its obligations to make payment under the Note.

35. Plaintiff has a superior lien upon the Vessel, including any claims by Pier 11 Marina.

WHEREFORE, Plaintiff, **OLD NATIONAL BANK**, prays for a judgment in its favor and against the Defendant Vessel, OUT OF OCCLUSION**,** her engines, tackle, appurtenances, etc. for foreclosure of the Preferred Ship Mortgage held by Old National Bank against said Vessel; and further that said Vessel be sold as provided by law, free and clear of any liens and proceeds of said sale first applied to the costs of this action, costs of repossession and attorney's fees. And then to the principal and interest balance due, all according to the terms of the Note and Mortgage, as well as such other relief as may be just and appropriate under the circumstances.

## COUNT II
## Breach of Promissory Note

36. Plaintiff re-alleges, re-incorporates, and re-affirms paragraphs 24-35 of Count II as though fully set forth in this Count III.

37. Pursuant to the terms of the Note and Mortgage, BELIEVE was obligated to make payment to ONB for all sums due under the Note, including principal, accrued interest, and other fees.

38. Despite its obligations to make payment pursuant to the terms of the Note, BELIEVE failed and refused to make payment commencing July 2023 and all payments due thereafter.

39. ONB has made due demand for payments and BELIEVE has failed and/or refused to make payment.

40.     As of March 20, 2025, there remained due and owing to ONB under the Note, an amount in excess of Two Hundred Twenty-Eight Thousand Seventy-Seven Dollars and 51/100 ($228,077.51), plus interest at the default rate as defined in the Note, including the unpaid principal balance of the Note, accrued interest, late charges and other advancements made pursuant to the Note.

41.     Interest and other charges continue to accrue pursuant to the Note.

42.     In addition, pursuant to the terms of the Note and Mortgage, ONB is also entitled to the recovery of all attorneys' fees and costs of these proceedings.

WHEREFORE, Plaintiff, **OLD NATIONAL BANK**, prays for a judgment in its favor and against the Defendant, BELIEVE TOURS, INC., in an amount in excess of Two Hundred Twenty-Eight Thousand Seventy-Seven Dollars and 51/100 ($228,077.51), together with continuing interest at the default rate pursuant to the Note to the date of final judgment, plus all additional advancements, attorneys' fees, and costs of these proceedings.

## COUNT III
### Judicial Review - Illinois Department of Natural Resources

43.     Plaintiff re-alleges, re-incorporates, and re-affirms paragraphs 1-19 as though fully set forth as paragraph 43 in this Count III.

44.     At all relevant times hereto, §12106(a) of Title 46 provided:

A documented vessel may not be titled by a State or required to display numbers under chapter 123 of this title, and any certificate of title issued by a State for a documented vessel shall be surrendered as provided by regulations prescribed by the Secretary.

45.     Despite the fact the Vessel was properly documented, on or about December 2024 the Illinois Department of Natural Resources ("IDNR") issued a Watercraft Certificate of Title to PIER 11 MARINA, pursuant to a Mechanic's Lien/Application for Title.

46.     IDNR failed to review whether the Vessel was documented. It further failed to determine whether a Preferred Ship Mortgage was perfected against the documented Vessel.

47.     IDNR was aware the Vessel was documented with the US Coast Guard.

48.     As a result of IDNR's failure to determine whether the Vessel had been documented, IDNR issued a Certificate of Title to a third party, which infringes upon the rights of ONB.

49.     Upon information and belief, Pier 11 Marina is attempting the sell the Vessel through the Great Southern Yacht Company, a broker based out of Florida. A true and correct copy of the listing is attached hereto as ***Exhibit "E."***

50.     Accordingly, IDNR's actions, and failure to properly investigate the documentation if the Vessel, has caused undue harm to ONB.

51.     Accordingly, ONB requests this Court enter an order directing IDNR to rescind the Watercraft Certificate of Title previously issued to Pier 11 Marina.

WHEREFORE, Plaintiff, **OLD NATIONAL BANK**, prays for Judicial Review of IDNR's issuance of a Watercraft Certificate of Title, for injunctive relief prohibiting the sale of the Vessel until further order of this Court, and for an order directing IDNR to rescind the issuance of a Certificate of Title to the documented Vessel, and for such further relief this Court deems just and equitable.

### COUNT III
### Conversion – Pier 11 Marina

52.     Plaintiff re-alleges, re-incorporates, and re-affirms paragraphs 1-19 as though fully set forth as paragraph 24 in this Count I.

53.     ONB has a right to the VESSEL and a superior interest in the property pursuant to its Preferred Ship Mortgage.

54.     ONB has an unconditional right to immediate possession of the Vessel as a result of the default by BLEIVE under the Note and Mortgage.

55.     ONB made demand upon PIER 11 for possession of the Vessel, which Pier 11 refused to return.

56.     PIER 11 wrongfully assumed control of the Vessel and seeks to sell the Vessel for profit and to the detriment of ONB.

57.     At all relevant times, PIER 11 had actual knowledge of ONB's right and interest in the VESSEL, and assumed control over the Vessel intentionally to the detriment of ONB.

WHEREFORE, Plaintiff, **OLD NATIONAL BANK**, prays a judgment against PIER 11 MARINA for the value of the Vessel wrongfully withheld, for immediate possession of the Vessel, and for such further relief this Court deems just and equitable.

Respectfully submitted,

GROGAN HESSE AND UDITSKY, P.C.

By: *Kristopher A. Capadona*
One of the Attorneys for Plaintiff

Kristopher A. Capadona
Grogan Hesse and Uditsky, P.C.
2 MidAmerica Plaza, Suite 110
Oakbrook Terrace, Illinois 60181
630-359-8197
Attorney No. 61640
*kcapadona@ghulaw.com*