UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLD NATIONAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>OUT OF OCCLUSION, her engines, tackle, apparel, appurtenances, etc., having Official No. 106215 and Hull ID No. SERP3225C696, in rem; BELIEVE TOURS, INC., in personam; PIER 11 MARINA MANAGEMENT, LTD d/b/a PIER 11 MARINA; ILLINOIS DEPARTMENT OF NATURAL RESOURCES; LIVE A LITTLE LLC—MASTER SERIES,<br><br>Defendants. | No. 25 C 03408<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

This action arises from a mortgage foreclosure for a boat. Defendant Pier 11 Marina Management, Ltd. d/b/a Pier 11 Marina ("Pier 11") moves to vacate orders of default and judgment and seeks leave to file its answer to the complaint. R. 81. For the following reasons, that motion is granted.

**Background**

Old National Bank ("ONB") extended a loan to Believe Tours, Inc. for the purchase of a boat named "Out of Occlusion," which was stored at Pier 11 Marina. R. 1 ¶¶ 1–2, 7. Believe Tours defaulted on payment, and ONB sought various remedies in response. ONB filed a multi-count complaint on March 31, 2025; the sole claim against Pier 11 is for conversion. *Id.*; R. 81 ¶ 1.

On April 13, 2025, ONB delivered the summons and complaint to Ian Erdos, who was then listed with the Illinois Secretary of State as Pier 11's registered agent. R. 81 ¶ 2. At the time, Erdos had been disbarred by the Supreme Court of Illinois. *Id.* ¶ 3. Pier 11 claims that Erdos never transmitted the summons or complaint to any officer, director, employee or agent of Pier 11 and therefore Pier 11 was unaware of the action. *Id.* ¶ 4. On July 7, 2025, ONB moved for entry of an order of default against Pier 11 and again directed its notice of motion to Erdos. R. 27, 32. That notice likewise was never transmitted to Pier 11. R. 81 ¶ 5. The Court entered an order of default against Pier 11 on August 5, 2025. R. 35.

On September 15, 2025, Pier 11 filed a Statement of Change of Registered Agent with the Illinois Secretary of State, substituting company President Mark Blazer for Erdos. R. 81 ¶ 7. On October 28, 2025, ONB amended its complaint and did not file a certificate of service to Pier 11. R. 42. On February 18, 2026, ONB moved for entry of default judgment against Pier 11 and once again served Erdos, who was no longer its registered agent. R. 53, 55; R. 84 at p. 6. On March 16, 2026, the Court granted ONB's motion for default. R. 56. On July 13, 2026, the Court entered a Judgment Order awarding ONB $148,000.00 against Pier 11. R. 66.

On July 28, 2026, Pier 11's corporate attorney appeared at the status hearing for the first time and informed the Court that he recently became aware of the matter.[1] Pier 11 obtained outside counsel, who appeared at the August 12, 2026

[1] Pier 11 claims that it first learned of this action in early June 2026, when Blazer received a copy of Live a Little's crossclaims against Pier 11 by U.S. mail. R. 81 ¶ 12; R. 81 Ex. A ¶ 9.

status date and sought leave to file a motion to vacate the default and judgment. That motion was filed on September 9, 2026. R. 81.

**Discussion**

A default judgment "is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailable." *N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir. 1988) (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)). The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Under Rule 55(c), the movant must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). The Seventh Circuit applies this test leniently and adheres to a "policy of favoring trial on the merits over default judgment." *Id.* at 631.

Pier 11 has established good cause because it attests that no documents pertaining to the instant action were received from Erdos, its registered agent, by anyone at Pier 11. R. 81 Ex. A ¶ 5. Erdos handled the incorporation of Pier 11 on April 30, 2024, and designated himself its registered agent at his own address. *Id.* ¶ 3; R. 84 Ex. A. At the time, and unbeknownst to Blazer, Erdos had been disbarred on consent by the Supreme Court of Illinois, effective September 21, 2023. *In re Erdos*, No. 2023PR00027 (Ill. Att'y Registration & Disciplinary Comm'n); R. 81 Ex. A ¶ 3. While Pier 11 likely should have engaged in better due diligence regarding its incorporation and registered agent, that is not dispositive. The question is whether a

registered agent failing to forward a summons and complaint to any employees of a corporate defendant is sufficient to constitute good cause to vacate a default. The Court finds that it does.

Because the documents were not received by any of its employees, Pier 11's failure to answer was inadvertent, and the case should be heard on the merits rather than defaulted due to the registered agent's inaction. *See Cracco*, 559 F.3d at 629–31 (vacating a default under Rule 55(c) when defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence" after its registered agent forwarded the documents to "employees who did not understand their significance").[2] Furthermore, Erdos was no longer Pier 11's registered agent on February 18, 2026, when ONB served notice of the motion for default. R. 84 at p. 6. Thus, no one at Pier 11—not even its registered agent—was served notice of the challenged default.

Moreover, once Pier 11 became aware of this litigation in June of this year, it promptly moved to correct the default, appearing at multiple status hearings and moving to vacate default judgment in accordance with the schedule set by the Court.

Pier 11 also identified the bases for its defense: Pier 11 held a statutory storage lien under 770 ILCS 45/1 and enforced it through notice, publication, public sale, and the title process the Illinois Department of Natural Resources ("IDNR") prescribes; IDNR certified in writing on August 30, 2024, before Pier 11 took any step toward

[2] ONB agrees that Rule 55(c) controls but cites case law pertaining to Rule 60(b); therefore, its arguments to the contrary are inapposite.

title, that there were no liens on the boat; the first assertion of any ONB interest came in February 2025, after IDNR had issued title to Pier 11, and ONB's own counsel then represented that the federal documentation was expired; and ONB cannot establish the elements of conversion because it had no absolute right to immediate possession, its only demand was for a paper certificate of title, and Pier 11 has not possessed the boat since its IDNR-approved sale in March 2025. R. 84 pp. 8–9. While the Court makes no determinations regarding the merits of the defenses, Pier 11 has sufficiently "notified the plaintiff and the district court of the nature of [the] defense[s] and provided the factual bas[e]s for th[ose] defense[s]." *Cracco*, 559 F.3d at 631.

Lastly, ONB will not suffer any prejudice if the default and judgment order are vacated. The litigation remains ongoing against other defendants. Indeed, the case has yet to proceed to discovery. The Court adheres to the policy of favoring trial on the merits over default judgment.

## Conclusion

For the foregoing reasons, the Court grants Pier 11's motion to vacate the default, R. 35, 56, and judgment order, R. 66. Pier 11 is directed to file its answer instanter.[3]

---

[3] Pier 11 attached its answer and affirmative defenses to its motion and stated that it is "ready for filing." R. 81 ¶ 36, Ex. B.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: October 23, 2026